## Case No. 16,193.

### UNITED STATES v. ROSE.

[2 Cranch, C. C. 567.] [1]

Circuit Court, District of Columbia. May. Term, 1825.

EXECUTORS—ACTION ON ADMINISTRATION BOND—DEFENSES—JURY—AUDITING ACCOUNTS.

1. An executor, indebted to his testator's estate, cannot, in an action upon administration bond, brought by creditors or legatees, discharge himself by showing payments to his coexecutors.

2. If, after the jury is sworn and impanelled, it appears to be a case in which it is necessary to examine and determine upon accounts between the parties, the court will order the jury to be discharged, and the accounts to be audited and stated by the auditor of the court, agreeably to the Maryland act of 1785 (chapter 80, § 12), and that he report to the court.

[Suit by the United States, for the use of Eliza Balch and others, against John Rose.]

Debt upon an administration bond, given by the defendant and the Rev. S. B. Balch, as coexecutors of T. B. Beall. The breach assigned was in not accounting for, and paying over to the persons entitled to the same, a debt of $4,120, due by the defendant to his testator. In order to show that the whole sum of $4,120 was not due by the defendant, he offer-

[1] [Reported by Hon. William Cranch, Chief Judge.]

ed in evidence certificates of his coexecutor, S. B. Balch, that "the defendant is justly entitled to the following credits in his account with T. B. Beall, deceased," &c.

Mr. Jones, for plaintiffs, objected that those certificates are not competent evidence. One executor is not to account with his coexecutor, and cannot discharge himself from the claims of creditors and distributees, by showing that he has paid the money to his coexecutor.

THE COURT (MORSELL, Circuit Judge, not sitting) rejected the evidence.

Marbury & Swann, for defendant.

[See Case No. 16,194.]

## Case No. 16,194.

### UNITED STATES v. ROSE.

[3 Cranch, C. C. 174.] [1]

Circuit Court, District of Columbia. May Term, 1827.

EXECUTORS—ADMINISTRATION BOND.

An action cannot be maintained upon the administration bond of an executor, for not giving in a claim against himself, until the claim has been established by the orphans' court, according to the Maryland testamentary act of 1798 (chapter 101, § 20, cl. 8).

Debt on the administration bond of the defendant who was one of the executors of the will of Mr. Brook Beall. The breach assigned in the replication was, that the defendant was indebted to his testator upon bond, as well as upon open account, and that he had not given in or accounted for either of the said debts. To this replication there was a general demurrer, and joinder. By the Maryland testamentary act of 1798 (chapter 101, § 20, cl. 8), it is enacted: "That the bare naming of an executor in a will shall not operate to extinguish any just claim which the deceased had against him; but it shall be the duty of every such executor accepting the trust, to give in such claim in the list of debts: and on his failure to give in such claim, or any part thereof, any person, interested in the administration, may allege the same by petition to the orphans' court granting the administration; and the said court, with consent of the parties, may decide on the same; or it may be

[1] [Reported by Hon. William Cranch, Chief Judge.]

referred by the parties, with the court's approbation; or, at the instance of either party, the court may direct an issue, or issues to be tried, and the same shall be tried in any court of law proper for the trial, and most convenient under all circumstances; and the court of law shall have power to direct the jury, and grant a new trial, as if the issue or issues were in a suit therein instituted; and a certificate from such court, or any judge thereof, of the verdict or finding of the jury, under the seal thereof, shall be admitted by the orphans' court to establish or destroy the claim, or any part thereof; and if the executor shall give in such claim, or the same, or any part, be established as aforesaid, he shall account for the sum due in the same manner as if it were so much money in his hands, and, on failure, his bond may be put in suit."

Mr. Marbury, for defendant, contended that no suit could be maintained upon the administration bond against the executor, for not giving in a claim against himself, until the claim should have been established by the orphans' court, in the manner provided by the testamentary act of 1798 (chapter 101, § 20, cl. 8), above recited. At common law the debt would be extinguished; the plaintiff's only remedy is given by the statute; and he must take that or none. Mr. Marbury cited the Maryland act of 1720 (chapter 24, § 2), and the case of Seegar v. Seney, 5 Har. & J. 488.

R. P. Dunlop and Mr. Jones, contra, contended that it was the duty of the executor to give in the claim, whether cited before the orphans' court, or not. That the condition of the bond was general, that the executor "shall well and truly perform the office of executor," "according to law, and shall in all respects discharge the duties of him required by law, as executor aforesaid, without any injury or damage to any person interested in the faithful performance of the said office." The neglect of any duty, is a breach of the condition of the bond, and will support an action. The proceeding provided by the statute is not necessary; the condition is broken, and for every breach an action lies at common law, without the aid of any statute. The proceeding under the statute is cumulative only, and does not impair the common-law remedy upon the bond. The act of Maryland of 1720 (chapter 24, § 2), restraining the right to sue upon the administration bond, until a return of non est inventus, or nulla bona, applies only to creditors of the estate, and shows that, but for that act, a direct and original suit might have been maintained, on the bond, by any person interested. This suit is not brought by a creditor of the estate, but by legatees. A creditor has a legal remedy against the executor, but a legatee has not. He cannot comply with the requisition of the statute by obtaining judgment at law, or even by issuing a capias ad

respondendum. But the act of 1720 was repealed by the act of 1798 (chapter 101, § 10, cl. 3), which gives a right of action upon the bond to "any person conceiving himself interested in the administration of the estate;" "and judgment may be recovered, upon such action, for the damage actually sustained." This is an action for damages actually sustained by the legatees. "Actually" stands opposed to "judicially." "Actually sustained," not "judicially ascertained." The case of Seegar v. Seney, 5 Har. & J. 488, is not law; it is contrary to the practice of this court; and is not considered by the court of appeals of Maryland as of any authority upon the point stated by the reporter. The ground of the decision was that the action ought not to have been brought against Benton's administrator but against the administrator de bonis non. The debt due by the executor was legal assets by the act of 1798 (chapter 101, § 3, cls. 7, 14). Every debt due to the testator is assets.

Mr. Marbury, in reply. Debts due to the testator are not assets until recovered. They may be good or bad; separate or desperate, and the executor is not to be charged with them until they are recovered.

THE COURT (MORSELL, Circuit Judge, not sitting) was clearly of opinion that the executor is not liable upon his bond, for neglect of the duty stated in the replication, until that duty shall be established in the mode pointed out in the Maryland testamentary act of 1798 (chapter 101, § 20, cl. 8).

Judgment for the defendant upon the demurrer.